CHARLES W. KIMBALL v. SCHOOL DISTRICT NO. 8, IN ROXBURY.

*School district vote.*

The plaintiff built a school house for the defendants, under the employment, upon a *quantum meruit*, of one member only of their building committee, who, it was claimed, could not act without the concurrence of his associates, and that the committee could not bind the district to an amount exceeding $100.00. The school house was worth $200.00; and, after its completion, the defendants voted to accept it, and voted to pay the plaintiff $105.00 therefor. *Held*, that the acceptance was absolute, and amounted to a ratification of the proceedings of the committeeman, and bound the defendants to pay the plaintiff what the school house was worth.

BOOK ACCOUNT. The plaintiff's account was for labor and expenditures in building a school house for the defendants, in reference to which the auditor reported the following facts.

In April, 1851, the defendants voted, "to build a school house the present year," "to raise one hundred cents on the dollar of the list," "chose Samuel Richardson and Alvin L. Brigham a committee to superintend the building of said house," and voted "to leave the plan of the house to the building committee." Such a tax, as the grand list of the district then was, would raise about one hundred dollars. The building committee made application to several house builders for propositions, and Richardson had conversation with the plaintiff in reference to building the house, and informed his associate, Brigham, that he was inclined to contract with the plaintiff; Brigham disagreed, and informed Richardson that, if such was the case, he should not act further in the premises. Richardson told the plaintiff that he knew what the vote of the district was,—that he did not feel authorized to pledge more than the amount of tax, that the plaintiff, being present at the time of the vote heard the conversation,—that the district wanted a good house, and would pay what it was worth, and to go on and build a *good house*. The plaintiff put up the frame, and then told Richardson that a school house, upon the plan submitted, could not be built for the tax voted, but would cost very much more; and that if he expected that the plaintiff was to build it for that sum, he should not do it. Richardson then told the plaintiff to suspend the building until the next season, and then go on and build a good house, so that no fault could be found with it, and the district would probably pay him what it was worth.

Kimball *v.* School District.

The plaintiff built the school house agreeably to the plan submitted to him by Richardson,—built it well, and had the same completed late in the fall of 1852; but the delay was occasioned by the direction of Richardson.

In the spring of 1853, the district voted to accept the school house, and voted to pay the plaintiff *one hundred and five dollars* for building the same. The plaintiff declined to receive that sum in full payment. The auditor found that the house was worth $200.00, and allowed the plaintiff that sum, and interest. The county court, March Term, 1855,—POLAND, J., presiding,—rendered judgment for the plaintiff, for the amount reported. Exceptions by the defendants.

*H. Carpenter* for the defendants.

It was not in the power of one of the committee to bind the district, and if Richardson contracted with the plaintiff to build the house, or to pay an additional sum from that voted, he is liable to the plaintiff, and not the district. *Morrison* v. *Heath*, 11 Vt., 610. Angell and Ames on Corporations, pp. 279–280, and cases there cited. 12 Mass., 185.

*F. V. Randall* for the plaintiff.

The direction of Richardson to build a good house at any rate, and that the district would pay what it was worth, clearly shows that no definite sum was fixed on as the price.

Brigham having declined to act at all in the capacity of building committee, Richardson had authority to proceed alone and build the house, and the district directly recognized this authority, by voting to accept the house.

The opinion of the court was delivered by

BENNETT, J. The school district voted to build a school house, and to raise a tax of one hundred cents on the dollar, which would produce only about the sum of one hundred dollars. The plan of the house was to be left to the building committee, Richardson and Brigham. Though it be granted that one of the committee had no power to bind the school district by a contract which he might make without the concurrence of the other, yet the school district

might ratify the proceedings of one of the committee. But the house was not, in fact, built under any special contract with Richardson; he told the plaintiff to go on and build a good house, so that no fault could be found with it, and that the district would probably pay him what would be right. This was, in fact, an employment upon a *quantum meruit*. The plaintiff built a good house, according to the plan furnished him by Richardson; and when finished, the district voted to accept it, and to pay the plaintiff one hundred and five dollars for building the same. The acceptance of the house is *absolute*, and not upon condition that the plaintiff would accept of one hundred and five dollars as a compensation. The vote is *to accept*, and *to pay*, &c., and in its nature is divisible. The limitation, as to the sum they would pay, has no effect upon the *acceptance*. It is found that it was worth two hundred dollars to build the house.

Let judgment below be affirmed.